In the Matter of MICHAEL ENTES, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 16, 1991

## APPEARANCES OF COUNSEL

*Robert H. Straus (Diana J. Szochet* of counsel), for petitioner.

*Richard L. Herzfeld* for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding the Special Referee sustained the five

charges of professional misconduct alleged against the respondent. The petitioner moved to confirm the report of the Special Referee, and the respondent cross-moved, *inter alia,* to disaffirm the report.

Charge One alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation. In April 1984 the respondent was retained as the attorney for an estate and to handle the sale of a building owned by the estate. The building had been listed for sale with Century 21 River Plate Realty (hereinafter River Plate) the month before. On April 9, 1984, a contract was entered into to sell the building to a Ted Singer, who was purportedly acting on behalf of El Gordo Realty Corp. (hereinafter El Gordo), for $50,000. The respondent represented the purchaser, El Gordo, to be a duly constituted corporate entity when, in fact, it did not exist as a corporate entity on April 9, 1984.

Charge Two alleged that the respondent failed to disclose to the representative of the estate that he was a principal of El Gordo. The respondent was dismissed as the attorney for the estate prior to the closing. However, at the closing on July 19, 1984, the cash portion of the purchase price was paid by the respondent and his partner in River Plate. Subsequent mortgage payments from the purchaser to the estate were from a checking account on which the respondent was a signatory. Within two months of the purchase, El Gordo entered into a contract to sell the property to another individual for $90,000. The respondent signed that contract in his capacity as vice-president of El Gordo. The respondent and his partner in River Plate received the proceeds of that sale.

Charge Three alleged that on April 9, 1984, the respondent's partner procured the signature of the estate's representative on a $5,000 brokerage commission agreement. The respondent held out his partner as a broker having the legal capacity to act on the estate's behalf. The respondent failed to disclose the fact that he was, in fact, the real estate broker.

Charge Four alleged that the respondent failed to disclose the fact that he was a principal of River Plate.

Charge Five alleged that the respondent engaged in an improper conflict of interest and entered into a business transaction with a client with differing interests without full disclosure to his client. The respondent held himself out as independent legal counsel for the estate when, in fact, he was a principal of the purchaser El Gordo, the real estate broker, and a principal of River Plate.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee sustaining the charges of misconduct. The respondent is guilty of the misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion, *inter alia,* to disaffirm the report is denied.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances advanced by the respondent. Nevertheless, the respondent is suspended from the practice of law for a period of five years commencing October 21, 1991, and until the further order of this court.

MANGANO, P. J., BRACKEN, KUNZEMAN, SULLIVAN and HARWOOD, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion, *inter alia,* to disaffirm the report of the Special Referee is denied; and it is further,

Ordered that the respondent Michael Entes is suspended from the practice of law for a period of five years, commencing October 21, 1991, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of that period of five years upon furnishing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Michael Entes is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.